## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NEWTON BORIS SCHWARTZ, SR. | § | |
| INDIVIDUALLY, AND/OR AS (B) | § | |
| CLASS REPRESENTATIVE AND/OR | § | |
| ON BEHALF OF ALL ELIGIBLE | § | |
| TEXAS AND NATIONALLY | § | |
| UNITED STATES REGISTERED | § | |
| (C) ELIGIBLE AND/OR | § | |
| QUALIFIED VOTERS FOR | § | CIVIL ACTION _____ |
| VOTING IN THE 2016 FIFTY STATE | § | |
| ELECTION PRIMARIES AND | § | |
| IN THE NOVEMBER 1, 2016 | § | |
| GENERAL PRESIDENTIAL AND | § | |
| VICE  PRESIDENT 2016 ELECTIONS | § | |
| | § | NO JURY |
| | § | |
| vs. | § | |
| | § | |
| TED CRUZ A/K/A RAFAEL | § | |
| EDWARD CRUZ, INDIVIDUALLY | § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Newton Boris Schwartz, Sr., Individually and/or as (b) Class Representative and/or (c) on behalf of all eligible qualified 50 states and nationally United States Registered, eligible and Qualified Voters for Voting in: (1) all 50 State Caucus and primaries in 2016; (2) the 2016 Texas Primary elections; and (3) General National 2016 Electoral Presidential and Vice president election on November 1, 2016.

Plaintiff, as Party Plaintiffs[1] files this Civil Action based upon this Court's (1) original 28 USC § 1331 subject matter jurisdiction; and (2) personal jurisdiction over all parties, and (3) the standing of the parties hereinafter in this case and controversy now ripe for decision.  Out of the veritable deluge of public opinions on this issue a majority presently appear to agree that American citizens may agree that while Defendant Cruz is not a natural born U.S. citizen, he may be eligible.  Regrettably a majority of American citizens, including constitutional scholars, may disagree with.  As with questions of a woman's right to choose upon pregnancy to have that child; or same sex marriages but at least five Justices of the Supreme Court must decide the issues not on a popular consensus.  The U.S. Constitution is not a popularity document for fair weather only. The first Chief Justice John Jay was equivocal in his informal contemporaneous writing but his first Supreme Court never ruled on it because it was never presented.  Justice Storey in 1833 for the Supreme Court did not rule on it.  It is now.

## I.   DECLARATORY JUDGMENT

This procedural Declaratory Judgment prays for an declaratory Judgment of the (1) status (2) qualifications and (3) eligibility or ineligibility of defendant for election to the office of the President and vice President of the United States under Article II,

---

[1] This is not a constitutional challenge to any of the applicable subsequently enacted the following cited specific federal election statutes and/or state statutes (if any are applicable).  They cannot amend, limit or contravene Article II, Section 1, Clause 5 of the United States Constitution cited herein enacted to date and not as amended as to the eligibility qualifications for and residence to be a candidate in forthcoming February 1, 2016 in Iowa caucuses in all subsequent 49 state primaries and in the November 1, 2016 general election and subsequent electoral college and other requirements for eligibility for the above national election of President and Vice President of the United States elected offices per FRCP 5.1 in the 2016 time for deciding Defendant Cruz' above eligibility now.

Section I, Clause 5 as original enacted and adopted and ratified by the requisite number of then thirteen states and not amended or repealed to date.

It is undisputed, by all legal scholars, there is no U S Supreme Court decision or precedent: determinative of the following agreed facts of this case and controversy. "Natural born citizen" has never been defined. This a case of first impression. Harvard professor Laurence Tribe on January 11-12, 2016 national including CNN media program opined "…this question is completely unsettled…".

There are no simplistic answers as incorrectly suggested herein by some of the authors cited and presented including in fn. 2 Exhibits A-D and adopted per FRCP 10 (c). If all that was and is required for Defendant's eligibility for the election to the office of the President and Vice President of the United States is that one of his biological parents be a U.S. citizen at the time of his birth in Canada outside the 50 United States (and has satisfied the requisite age of 35 and 14 years residence per statutes applicable herein, then why have the "birthers" or "doubters" and questioners of the place of birth of the 44th President of the United States, Barack Hussein Obama have persisted to this date and prior to his 2008 elections in 2008 and 2012? When undisputedly: (1) he was born in the U.S. State of Hawaii after its admission on August 21, 1959 and is documented by his birth records, U.S. citizenship status of his American born mother, a natural born and native born U.S. citizen, later married to Mr. Obama as Mrs. Stanley Ann Dunham Obama. That fact of his mother's U.S. citizenship alone under Defendant Cruz' contention satisfied the Constitutional requirement. He is incorrect. It didn't. President Obama's maternal grandparents were also native and natural born U.S. citizens. His

maternal grandfather fought with U.S. General Patton's third armored in Europe during World War II.  Why then despite his documented birth in Hawaii after admission as a state of the United States of America in 1959, persisted even he was, as incorrectly but never documented other than he was born in Hawaii after its admission as the 50th admitted State since 1959.  He was not born in Kenya (Africa).  Even if that were, that did not prevent his being a natural born citizen so why did Senator Cruz speak out?  The sole basis here for the ineligibility and disqualifications above of Defendant Cruz for President and/or the office or Vice President, of the States is Article II, Section I, Clause 5 (first paragraph) of the United States Constitution.  Defendant satisfied the age of 35 years and 14 year residency requirements of Paragraph 2.

This 229 year question has never been pled, presented to or finally decided by or resolved by the U. S. Supreme Court and by any other U. S. Court of Appeals for the now twelve (12) Circuits that had and have the interim appellate jurisdiction to decide it.  Only the U.S. Supreme Court can finally decide, determine judicially and settle this issue now.

A. Time is of the Essence

The Iowa caucus start February 1, 2016 in Iowa, and following shortly thereafter, New Hampshire, then South Carolina and then in Texas on March 1, 2016 and in all other states. If still deadlocked, or if the requisite delegates are not obtained by a single candidate necessary, must be resolved at the Republican Convention prior to campaigning the general election November 1, 2016.

1.

No previous case has been presented or decided on this issue by the U.S. Supreme Court, including because in fact none arose, as here to being a case or controversy ripe for decisions as here is presented.  The entire nation cannot afford such constitutionally confusion and uncertainties overhangings the electorate process.  The eminent forthcoming elections cannot await such decision prior to much less post November 1, 2016 or in the Constitutional Electoral College certification or results prior to noon, Eastern Time, January 20, 2017.

Typically, among the flood of media opinions on January 3, 2016, Sunday CSPAN one caller on the 3 hour program (6:00 am 9:00 a.m.) where the question was "Who [sic whom] do you support for President?"  Several random callers stated their (lay) opinion that Ted Cruz is not eligible to be President because he is not a "natural born" or "native born" American citizen and therefore cannot be legally elected or sworn in.  The callers whose names are not given are only identified at Republican, Democrat and/or Independent caller lines with separate toll free phone numbers 888 (wide area watts phone lines below.

Since then in all media, print, TV, cable, there has been local mounting questionings crescendo, as to Defendant's status because of his being Canadian born. Before and since such media vetting and asking the very question above presented here including by candidate Donald Trump himself (January 8-12, 2016).  He suggested obviously or hopefully on advice of counsel, to file a Declaratory Judgment.  So far Defendant hasn't filed.

## II.  ORIGINAL SUBJECT MATTER JURISDICTION

This Court has original subject matter jurisdiction, per 28 U.S.C. § 1331.  This is a ripe case and controversy arising under the Constitution of the United States as adopted in 1787.  Article II, Section 1, Clause 5 provides:

> "…No person except a <u>natural born Citizen</u>, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President…"  (all emphases are added throughout unless by the Court's or authors).

This "natural born citizen" Constitution requirement has never been defined or determined by the U. S. Supreme Court, nor has it ever been amended or repealed[2] as prescribed by the U. S. Constitution.

It is also referred to as the "Presidential Qualifications Clause" the above cited is part of which is popularly known as the "Natural Born Citizen Clause,"  Plaintiff seeks (a) declaratory judgment per (a) Federal Rules of Civil Procedure (FRCP) 57 and (b) The Declaratory Judgment Act 28 U.S.C. § 2201.  Neither of these Rules or Statutes further expands this Court's above original subject matter jurisdiction.  See e.g. *Medtronics, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) and earlier U.S. Supreme

---

[2] See e.g. cited law Review Articles prior to 2005, 2008, 2013 and 2015 infra.  All are adopted by reference per FRCP 10(c).  See Exhibit A "Native and Natural Born Citizenship Explored"  "McCain – Opinion of Laurence H. Tribe and Theodore B.  Olson" posted June 8, 2013 by NBC  (March 19, 2008); Exhibit A-1 "Presidents and Citizenship" Opinion letter by Laurence H. Tribe and Theodore B. Olson March 19, 2008; Exhibit B "Natural Born Presidents" by James C. Ho; Exhibit C " Harvard Law Review "On the Meaning of 'Natural Born Citizen' Commentary by Neal Katyal & Paul Clement March 11, 2015; and Exhibit D International New York Times "Republican Candidates' Sparring Resumes Mere Hours After Their Debate"  by Matt Flegenheimer and Jonathan Martin, December 16, 2015.
  Professor Tribe to and in the media on January 10, 2016 stated that the Cruz eligibility question is not by the Supreme Court.  The facts on which he and former Solicitor Ted Olsen opined in 2008 (Exhibit A attached) dealt with candidate John McCain, both of whose parents were native born and natural born U.S. citizens.  He was born on a U.S. military base in the Panama Canal Zone in 1936 before its 1937 annexation or adoption.  The facts are distinguishable for Senator Cruz.

Court cases cited therein decided in 2009, 1960 and 1937 respectively and all are adopted per FRCP 10(c).

The Naturalization Act of 1790 was rescinded shortly thereafter by Congress and is of no effect to this decision as has been suggested or may be argued by Senator Cruz:

> The Naturalization Act of 1790 provides "…An Act to Establish a Uniform Rule on Naturalization' which provided 'the children of citizens of the United States, that may be born beyond sea, or out of the limits of the United States, shall be considered as natural born citizens…" (Lawrence B. Solum, 107 Mich. L. Rev. First Impressions 22)
>
> 8 U.S.C. § 1401, Nationals and citizens of the United States at Birth:
>
> The following shall be naturals and citizens of the United States at birth:
>
> "…(d) a person born outside of the United States and its outlying possessions of parents one of whom is a citizen of the United States who has been physically present in the United States or one of its outlying possessions for a continuous period of one year prior to the birth of such person, and the other of whom is a national, but not a citizen of the United States…"
>
> "…(g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years…"

And see 8 U.S.C. § 1431(a)(1)(2)(3) (1952 as amended as to all three above 1952 statutes and 8 U.S.C. § 1433(1)(2)(A)(B) and (3).

Illustrative but not exhaustive (there are far too many) including CSPAN "Road to the Whitehouse" Saturday January 8, 2016 Donald Trump speaking in Clear Lake, Iowa to a his usual overflow (purportedly by him twice the seating capacity) large rally: (1) advised Senator Cruz to file this Declaratory Judgment above and (2) quoted Harvard

Law Professor Laurence Tribe since his March 19, 2008 opinions regarding Senator John McCain eligibility under substantially distinguishable facts and a different distinguishable situation and constitutional scholar Lawrence Tribe that "Senator Cruz" eligibility under the Constitution is "not a settled matter". Professor Tribe's above current opinions and his prior 2008 opinion Exhibit "A" publications speak for themselves. He represented Senator McCain on this issue in 2008 Ex. "A" with fellow former U.S. Solicitor Ted Olsen. Mr. Trump, other than by "Declaratory Judgment" action, stated correctly that it may take up to 3-4 years to resolve this issue in the courts other than by his own recommended filing a Declaratory Judgment. A usual constitutional challenge to a statute, rule or action requires developing procedural discovery and a Record usually takes time but not this declaration judgment. Expediting in 3-4 months is an achievable timeframe given a simple agreed and stipulated record as employees in *U.S. v. Wong Kim Ark*, 169 U.S. 649 (1898) and as was recently done in *Roe v. Wade,* 410 U.S. 113 (1973). It was and remains a far more complex, ethical, medical, biological unchartered constitutional challenge with even the precise constitutional provisions invoke applicable and involving provisions uncertain between its 1971 filing, through hearings to its January 22, 1973 decision or to date. Justice Ginsburg has opined recently on the precise constitution bass for the Court's decision while she agreed to the end results.

III.    PARTIES AND STANDING AND DISCLOSURES PER F. R. CIV. P. 26

For a summary of standing requirements, they are fully stated by both majority and dissenting opinion recently. See *State of Texas, et al. v. United States of America, et*

*al.* 787 F.3d 733 (5th Cir. 2015 S. D., TEXAS).  Petition for Certiorari is pending as of the filing.

This suit is filed pro se and pro bono.  An expedited accelerated decision by the Supreme Court is necessary.  This Court, on the conflicting substantial authorities can readily define it especially aided by Defendant, a constitutional scholar, friend of the Court (amici) and its law clerks.

Defendant Ted Cruz was and is neither a natural born or native born U.S. citizen at the time of his birth is Rafael Edward Cruz in Canada in 1970.  For legal reasons above and following here, Defendant not now and was not at birth in Canada a natural born citizen of the United States in 1970.  Defendant's mother on information and belief subject to confirmation was (a) a natural born and/or native born U. S. citizen born in Delaware, U.S.A.; and (b) at the time of Defendant's birth in Canada in 1970 unless it is found that she renounced her U.S. citizenship.  His father was born (pre 1959 Castro) in the nation of Cuba and later because a naturalized U.S. citizen.

Cuba was a colony of Spain until it was lost in the Spanish American War in 1898 along with the Philippines.  Since 1959, it has been and continues to the present to be an independent Communist nation and having diplomatic relations with the U.S. since 1959 despite 2015 presidential edict but not congressional approval lifting the embargo.

Defendant Ted Cruz a/k/a Rafael Edward Cruz (at birth) is sued in his individual capacity.  He is questioned here as to being a "natural born" citizen based solely on his mother's U.S. citizenship.  Defendant was born in the Sovereign Dominion of Canada, in 1970 and he is the prescribed minimum age of 35 for President or Vice President and was

at the time of his election as a U.S. Senator from Texas in 2012 per U.S. Constitution Articles 1 and/or the Seventeenth Amendment.  He is sued herein in his above individual capacity to determine if he is or is not a "natural born U.S. Citizen."

## IV.    VENUE

Venue lies in this Court in that all of the above named individual parties are residents and citizens of Texas and of Houston, Harris County, Texas within this Court's 28 U.S.C. § 124(b) jurisdiction as defined and prescribed for, including persons for venue purposes per 28 U.S.C. Section § 1391(a) and (b)(1) and/or (b)(2) and/or (c)(1).  Texas is a place of Defendant Cruz' domicile required for his election to and continued representation in the U.S. Senate. Defendant Senator Cruz has his permanent residence in Houston, Harris County, Texas, and he maintains his principal Texas office at 808 Travis, Suite 1420, Houston, Harris County, Texas 77002 and residence at 3333 Allen Parkway, Unit 1906, Houston, Harris County, Texas 77019, within this Court's jurisdiction.  He may be served with Summons if he is not agreeable to appearing.  Defendant's political policies theories, stances and views are not in issue been and not in the scope of this case nor relevant to the decision here.

Defendant is not sued in any capacity as an employee, official or officer of the United States.  Nor is he sued for any of his views or political positions. They are all irrelevant or do not affect at all the above eligibility requirements of Article II, Section 1, Clause 5.  Defendant is not: (1) contested at to his election and status as a sitting U.S. Senator from Texas; nor (2) for his absences from many senate votes as Texas Junior Senator including in Iowa the entire week of January 4-8 as intensely covered by all

media including in two (2) full pages in the New York Times Saturday January 9 , 2016 free of charge.  Defendant is not being sued in any official capacity and only in his personal capacity solely to his above lack of constitutional eligibility per Article II, Section 1, Clause 5 above cited, constitutionally required as a condition precedent for his eligibility for election of President and/or Vice-President of the United States of America. There are no other (U.S.) Constitutional requirement other than the above age of 35 to be eligible for election to the office for President and/or Vice President of the United States per above, except strict compliance with Article II, Section 1, including Clause 5 above, other than being admittedly satisfying all other constitutional requirements, 35 years of age and 12 year resident of the United States.

The standing of the parties to file this "case or controversy" has now become ripe for decision Plaintiff is eligible to vote per Exhibit E in both the March 1, 2016 Texas party primaries and/or as an Independent voter in such primary and November 1, 2016 General Election as published and as certified by the Texas Secretary of State, depending on who the Candidates are.  Defendant's standing in the current polls of Defendant Cruz to be a candidate and contender in the Republican primaries and caucus starting in Iowa starting in February 1, 2016[3].  He now is a presidential contender even before voting in Iowa, then New Hampshire and following South Carolina and the other "Southern states" on March 1, 2016 when Texas per Exhibit E and numerous other states hold their primaries.

---

[3]  Defendant Cruz has not and does not satisfy the above requirement of the U.S. Constitution "natural born" citizen Article II, Section 1, Clause 5 in this case and/or controversy.  This makes it ripe for decision.

A scenario of the Defendant being nominated for vice presidential Republican or Independent candidate to presidential nominee as suggested by Senator Cruz' followers (husband and wife) attending his December 18, 2015 (CSPAN nationally televised unedited) Town Hall meeting in Chancellorsville, Virginia, near Richmond.  It is noted in history as the site of a major early Confederate Civil War battle victory in 1863.

Ominously the very next day, March 2, 2016, the U. S. Supreme Court has scheduled arguments involving Texas and Mississippi's attempts, successful thus far, as decided by three lady Texas lawyers and judges sitting in the Fifth U. S. Circuit Court of Appeals from Texas hearing Planned Parenthood's appeals of a Texas and Mississippi States' attempts to require special medically accredited hospitals to perform abortions and only in certain few accredited restrictive hospitals in Texas.  It would require lengthy travel of 200 miles or more between such presently certified hospitals and accredited hospitals.  That Supreme Court decision either way will further polarize voters including the 90 million "evangelicals" whom Senator Cruz courts and which are a prize sought by all Republican candidates, preset and former.  That decision shall also effects many millenials and future voters including 2 of Plaintiff's 3 granddaughters ages 10 and 13 years (the 3rd age is 1 presently unaffected and living in California), including one whose 11th birthday is on the same March 2, 2016 when Texas is celebrating its 170th birthday March 2, 1836, the day Texas won its independence from Mexico at the Battle of San Jacinto.  It is relevant or may become very relevant in Texas Governor Abbott's call for a Constitutional Convention to amend the U.S. Constitution and potentially revoke specific certain Supreme Court decisions, including *Roe v. Wade*, ante 1973, and same sex

marriages, ante 2015.  Texas was a republic from 1836 until its admission to the union in 1845 with a right reserved to be divided into five separate and independent states.  Texas Governor Greg Abbott called for a Constitutional Convention to (a) amend the U.S. Constitution and expand the Eleventh Amendment "states rights"; and (b) revoke the above Supreme Court decisions; and (c) to divide into five states.  Senator Cruz proposal limiting prior lifetime terms of federal judges, including Supreme Court Justices, revoking Obamacare, the addition for five additional Texas States.  This is an idea Senator Cruz, might consider if the voting goes to ballots in the Republican Convention in the absence of a clear winner of sufficient delegate process take much longer than this suit and could not be accomplished this year or it could be accomplished by 2020.  This is not now ripe for decision.

V.    CAUSES OF ACTION
DECLARATORY JUDGMENT

Per above 28 U.S.C. Section § 1331 and 28 U.S.C. § 2201 and/or FRCP 57, Plaintiff seeks a declaratory judgment and declaratory relief and judgment that as a matter of law that Defendant Ted Cruz (1) was not at his birth in 1970; and (2) is not now a "natural born" citizen; and (3) therefore ineligible to be elected, or serve as President or Vice President of the U. S. or be certified by the requisite vote of the Electoral College both as required by the U. S. Constitution.

AGREED FACTS

Defendant: (1) was born in Canada in 1970; (2) to a Cuban citizen, father Rafael; and (3) mother Eleanor born in Wilmington Delaware, U.S.A.  His father Rafael

13

Bienvenido Cruz was a Cuban born citizen and only became a naturalized U.S. citizen in 2005.

## VI.    RIPENESS

It is undisputed that this is an actual case and controversy between the parties and is presently ripe for a declaratory judgment, inter alia, because Defendant Cruz now is among the top 2 or 3 Republican contenders in the latest published unofficial December 2015 CNN, Wall Street Journal TV networks, Gallop and myriad state and national polls, and as Republican National Committee (RNC) and/or above as Vice President, part of a Trump-Cruz ticket.

The cost of planning, preparing, certifying eligible candidates and holding each above state caucus and state primary and general elections in 50 states is substantial and costly totaling well in the hundreds of millions of dollars expense to: (1) each state; and/or by (2) Republican National Committee; and (3) Democratic National Committee and each State's voter registration and election parties primaries each state including Texas.  Each state party's costs are, by comparison, each greatly in excess of the cost and/or each state issuing drivers licenses to the eligible 10-11 million illegal aliens and non-citizens of lawful driving age 16 in Texas and the other 19 states parties, as noted affected by the recent litigated stay of Presidential relief granted by presidential executive order.  *State of Texas, et al. v. United States, et al. Supra* (2015).  It enjoined the U. S. Homeland Security and President Obama on the granted petition of 20 state Attorneys Generals including lead plaintiff Texas now Governor Greg Abbott by the U.S. District Court, Southern District of Texas, Brownsville Division (a division of this Court) by the

Honorable Andrew C. Hanen[4], U.S. District Judge.  (See *State of Texas, et al. v. United States, et al.,* 86 F.Supp.3d 591, 677 (S.D. Tex. 2015)) and recently affirmed above by a 2-1 vote of a panel of the Fifth U.S. Circuit Court of Appeals (*State of Texas, et al. v. United States, et al.,* 787 F.3d 733, 743 (5th Cir. 2015)).  A Petition for Certiorari had been applied for by the U.S. Dept. of Justice and through the office of the U.S. Solicitor General and is pending in the U.S. Supreme Court.

Defendant has as great and arguably greater urgency in deciding this question than does Plaintiff or 100 million or more eligible voters in 2016 until receipt of Exhibit E, Plaintiff, this week, Defendant has had standing for many months since declaring himself a candidate.

A final ruling, decision and judgment herein will decide and resolve above all of the uncertainties, status and eligibility of Defendant Cruz and recognize the substantial present speculation uncertainties in the electorate as to his eligibility and/or conducting a futile election.  The Federal Election Commission (FEC) does not have either original exclusive or present subject matter jurisdiction of this dispute at this stage.  Therefore neither original or nor exclusive venue lies in the District of Columbia, U.S. District and/or U.S. Circuit Courts of Appeals for the District of Columbia en route to the Supreme Court.  All public factors and private factors undisputedly predominate and weigh in favor of this District and Division Court per *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) and its genre.

---

[4] Plaintiff from my memory for 61 years as an attorney in Texas has not ever been on any of the official Texas Committee vetting prospective federal judicial appointees.  He was asked about Judge Andrew Hanen with whom he had litigated in private practice inexplicably for Judge Hanen who authorized *Texas v. U.S.* 86 F.Supp. 3d 591, 677, (S.D. Tex. 2015) and affirmed by 787 F.3d 733, 743 (5th Cir. 2015).

VII.   A SINGLE DISCRETE QUESTION OF CONSTITUTIONAL LAW IS
ALLEGED AND PRESENTED FOR DECISION
PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RELIEF PRAYED FOR
DECLARATORY JUDGMENTS DISQUALYING TED CRUZ AS INELIGIBLE FOR
ELECTION AS PRESIDENT OF THE UNITED STATES

The attached and adopted Exhibits A-D (fn. 2 at p. 6) Law Review Articles,
commentaries and opinions and the following cited excerpts from other published Law
Review Articles, Commentaries and this Court and (b) the Fifth U. S. Circuit Court of
Appeals, and (c) U.S. Supreme Court cases present a complete review of essential facts
and respective legal reasons, factual and legal and opinions of law of the current and past
state of the relevant helpful decisions including of the Supreme Court and relevant
statutes with which to decide this sole question of law presented for decision here.

The U.S. Supreme Court majority in *Elk v. Wilkins*, 112 U.S. 94 (1884) (Justices
Harlan and Woods dissenting) construing the then recently enacted post Civil War
Fourteenth and Fifteenth Amendments to the U.S. Constitution following that Court's
fateful decision in *Dred Scott v. Sandford* 60 U.S. 393 (1856) and *The Slaughterhouse
cases*, 77 U.S. 273 (1868-1870) construing the then recently adopted Thirteenth,
Fourteenth and Fifteenth Amendments.   The Court held *Elk* because of his dual
allegiance to his Indian tribe was not a citizen having standing within the protection of
such amendments.  And in *U.S. v. Wong Kim Ark*, 169 U.S. 649 (1898) (Judges Harland
and Wood dissenting) the Court's supported the proposition that foreign born children of
American citizens are not "natural born".  That 1898 Supreme Court analysis lends itself
to the devolution of "natural born" status being inclusive only of and to children of

16

American citizens born overseas while in the employment and/or services as ministers, etc., the employment of the United States Government:

> "…The history of the Natural-Born Citizen Clause can be traced back to early discussions among the country's founders.  On July 25, 1787, John Jay sent a letter to George Washington, and possibly to other delegates at the Constitutional Convention, which stated:…"

> "…Permit me to hint, whether it would be wise and seasonable to provide a strong check to the admission of Foreigners into the administration of our national Government; and to declare expressly that the Command in Chief of the American army shall not be given to nor devolve on, any but a natural born Citizen…"

> "…His letter is thought to have stemmed from either suspicion of Baron Von Steuben or to have been in response to talk that the Convention was attempting to erect a monarchy to be headed by a foreign ruler.  Whatever the reasons, the "natural-born citizen" language was introduced shortly thereafter by the Committee of Eleven and was ultimately adopted, with no debate, in the form in which it was first introduced…"  36 Gonz. Legal Review 349.

Senator Cruz cannot become Commander in Chief under the Constitution.

Defendant Cruz best case for his eligibility is capably set forth in Exhibits A, B, C and D (in fn. 2 at p. 6).  He of course can allege, opine and explain further.  None of Exhibits A-D articles and commentaries or opinions are controlling or binding opinion or precedent including as to Senator John McCain's presidential candidacy in 2008.  He did not win, so it was moot and no longer ripe for decision, and became moot before any Supreme Court decision.  Likewise in 1964, the eligibility of Sen. Barry Goldwater, also a Senior Arizona Senator at election time but he was born before Arizona became a state.  He, likewise lost to Lyndon Johnson in 1964 43-7.  Governor George Romney of Michigan in 1968, his being born in Mexico.  Whether or not Defendant Cruz is

nominated as either the Republican candidate for President or Vice-President or as an Independent, he must nonetheless equally qualify as required by Article II, Section I, Clause 5 of the U.S. Constitution.  In addition to above Exhibits A-D, all attached and adopted in their entirety, the following case decisions cited in the following Law Review Articles and commentaries are cited.  Some due to their length and/or one unusual copyright restriction upon its total publication in full or beyond a limited discrete number of pages are cited.  They include in addition to above attached Exhibits "A-D" (fn. 2 at p. 6) from the restricted publication.

"*COMMENTARIES: ORIGINALISM AND THE NATURAL BORN CITIZEN CALUSE*" September 2008 Lawrence B. Solum, Commentary, Originalism and the Natural Born Citizen Clause.  107 MICHIGAN. L. REV. FIRST IMPRESSIONS 22 (2008):

"…The U.S. Constitution, Article II, Section 1, provides 'no person except a natural born Citizen, or a Citizen of the United States, at the time of the adoption of this Constitution, shall be eligible to the Office of President.' The enigmatic phrase 'natural born citizen' poses a series of problems for contemporary originalism.  New Originalists, like Justice Scalia. Focus on the original public meaning of the constitutional test.  The notion of a 'natural born citizen' was likely a term of art derived from the idea of a 'natural born subject' in English law—a category that most likely did not extend to persons, like Senator McCain, who were born outside sovereign territory.  But the Constitution speaks of 'citizens' and not 'subjects,' introducing uncertainties and ambiguities that might (or might not) make McCain eligible for the presidency.

What was the original public meaning of the phrase that establishes the eligibility for the office of President of the United States?  There is general agreement on the core of its meaning.  <u>Anyone born on American soil whose parents are citizens of the United States is a 'natural born citizen</u>.' <u>Anyone whose citizenship is acquired after birth as a result of naturalization is not a natural born citizen</u>.  John McCain, born to American parents in Panama Canal Zone in 1936, had citizenship conferred by statute in 1937, but there is dispute as to whether the statute granted retroactive naturalization or whether it merely confirmed preexisting law under which

McCain was an American citizen at birth.  That leaves John McCain in a twilight zone—neither clearly naturalized nor natural born…"   (All emphasis are added throughout except where the Court's or authors.)

Senator Cruz' mother's Delaware citizenship standing alone is insufficient to qualify Senator Cruz as a "natural born" citizen at his birth would qualify even if she had been (1) physically present in the U.S. for total periods of 5 years at least two of which were after she obtained the age of 14 years as enacted in this cited statute 1952 and as amended to October 25, 1994.

This Court's jurisdiction, inter alia, under 28 U.S.C. § 1331 as a case arising under the Constitution of the United States specifically Article II, the cited requires that all candidates for election to the Presidency of the United States and/or Vice President must be "natural  born citizens".  Senator Cruz undisputedly was born in the Sovereign Dominion of Canada in 1970.  Senator Cruz above claims he became a citizen at birth under the U.S. Constitution and/or law to the United States solely because his mother was a U.S. citizen then living in Canada is insupportable.  So was President Obama's mother, a U.S. citizen at his birth.  It was his birth in Hawaii that was decisive and not his mother's.  That is why it has been under constant attack for eight years, including by Donald Trump publicly.

Senator Cruz' father was born in Cuba prior to the Castro Revolution of 1959.  Such above disqualification cannot be waived by any one, not by his Republican or Democrat or Independent opponents nor by Republican National Committee (RNC), nor by the Democratic National Committee or even by an Act of Congress except after the

proposed constitutional amendment process.  All are without authority to waive, amend or avoid this 228 year established Constitution requirement for eligibility.

Exhibits A-D above, Legal Commentators, law review articles written on the subject were and are limited to the Supreme Court just prior to and at the time of the 1968 and 2008 presidential candidacy of Governor George Romney (1968) and Senator John McCain (2008) as to questions of their eligibility or ineligibility to file for running for and/or be duly elected and duly sworn as a President of the United States.  Questions by the "Birthers"?  That question was important because it distinguishes President Obama's case from Senator Cruz and McCain and Governor George Romney, factually and legally.  Those who question President Obama were the subject to and still are disputing the legal birthplace of President Obama allegedly being born in Kenya and not in Hawaii, a state prior to 1959 and at the time of his birth in 1960.  Based on an Cruz contention that his mother was an American native born U.S. citizen at the time of his birth, so why was President Obama's American birthplace relevant and questioned these past 8 years if his mother has an undisputedly U.S. citizenship as was Ted Cruz' mother's citizenship determative at both their births?

VIII.

NO RECORD IS REQUIRED FOR THIS INCLUDING NO DISCOVERY

The following is for the

Per FRCP 26(b) it is represented that no discovery is needed beyond the above undisputed and documented (1) birth of Defendant in Canada; (2) his mother birth in the State of Delaware, vital birth and citizenship records for the Court and Court of Appeals

20

and the U.S. Supreme Court to determine this pure question of Constitution law.   No motions for summary judgment per FRCP 56 and/or Rule 12(b) motions are necessary. As the Supreme Court noted in its above seminal cases of: (1) *U.S. v. Wong Kim Ark* 169 U.S. 649, 704, 705 (1898) all of the discrete, relevant facts of the case were agreed to by the parties; (2) the same way decisions in *Roe v. Wade,* (1973)*,* U.S. decision without discovery or any record even after re-argument in reaching a decision on January 22, 1973 as to those complex medical, ethical facts in uncertain still developing constitutional grounds applicable and supporting that seminal one decision.

A declaratory judgment suit was suggested and recommended publicly in media by Candidate Trump publicly on January 8-10, 2016.

Defendant Cruz should have initiated this Declaratory Judgment himself especially now with his eligibility being questioned from so many diverse sources by his opponents.   He has standing to do so.

B       Courts have held that the Federal Declaratory Judgment Act 28 U.S.C. § 2201 to 2202 is "…mirrored by and functional equivalent to Rule 57…"   See *Ernest & Young v. Depositors Economic Protection Corp.*, 45 F.3d 530, 534 n. 8 (Fed. Cir. 1995).

Neither rule 57 nor 28 U.S.C. § 2201, ante, the Federal Declaratory Judgment Act expand this Court's jurisdiction.   They provide a declaratory remedy in cases such as this are properly brought in federal court.   See *Vanden v. Discover Bank*, 556 U.S. 49, 79 n. 19, 129 S.Ct. 1262, 1278 (2009); *Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 1295 (1960); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937); Baicker-McKee*, Id.* at pp. 1208, 1215 (2016).   Defendants could

have brought the action himself as an experienced constitutional litigation lawyer as Texas Solicitor General appointed by Governor Perry and a member of James A. Bakers litigation team in *Bush v. Gore*, 531 U.S. 98 (2000).

REQUIRED DISCLOSURES PER FRCP 26(a)(1)(A)-(D), AND
(b)(c)(d) AND (g) INCLUSIVELY

The above Rule 26(a)(1)(A)-(D), (b),(c), (d) and (g) can all be readily complied with in expediting this time to meet the above urgent deadlines commencing February 1, 2016 Iowa caucus and following state primaries leading up to March 1, 2016, the Texas and other "Southern" primaries, and the Republican National Convention until the November 1, 2016 General Election.  The above facts are uncontested by the parties by agreement and/or stipulation of the above law discrete relevant facts necessary for this case to be decided.

i.   The only necessary facts or certified records include the above conservative Canadian Registry of Births and/or Vital Statisics for the City/Town and Province in Canada where the Defendant was born in 1970, and each of his parents birth records and/or of citizenship and their nationality and birth (Mr. Rafael Cruz and the Delaware birth certificate of his mother and when and the stated reasons why Defendant Cruz renounce his Canadian dual citizenship about 2014.

ii.  No claim is made for any monetary or economic damages, nor even for any attorneys' fees or costs even if allowable, if any, to the prevailing party whether by statute and/or the Court's discretion.  This is filed pro se and pro bono with no tax deduction being taken for costs paid or time.

iii. The declaratory judgments and related requested relief sought herein is disqualifying Defendant Cruz, if the Republican nominee and/or as an independent candidate from (a) appearing the 50 state federal election ballots of all 50 federally conducted elections for the Office of President and/or Vice-President of the United States on November 1, 2016, and from (b) being included and listed as a presidential candidate listed in each state Iowa caucus, February 1, 2016, and primaries following under the aegis of all 50 U.S. States and federal political parties and/or committees, including but not limited to the RNC (Republican National Committee) and its chairman, Hon. Reince Priebus and DNC (Democratic National Committee) and its chairman, Rep. Debbie Wasserman Schultz and in all 50 state, county and municipal election officials responsible for conducting the 2016 Presidential elections as presented by the U.S. Constitution, November 1, 2016 as prescribed by the U.S. Constitution, ante and enabling federal statutes cited been.

iv. Rule 26 Diligence.  None are applicable, in the interest of expediting this action, Plaintiff makes the above disclosures early on at the outset.  Now without requiring for up to 14 days after the parties FRCP Rule 26(f) conference unless a different time is stipulated to by the parties and/or by this Court's order.  No expert testimony is anticipated to be used or required.  None was in *Roe v. Wade* ante, under a far more complex questions, medical, ethical, biological and privacy and disputed applicable constitutional bases.  The sole issue here is question of law not fact.

v.  Proper certification of all of the above 50 state elections in order to avoid futile election or defeat of Senator Cruz on November 1, 2016 and his certificate by the Electoral College prior to January 20, 2016, nor any post election contest as has most recently occurred in *Bush v. Gore*, ante, 5-4, 531 U.S. 1060 (2000) in Florida County Clerks counting "chads" in Broward and Dade counties Florida

Defendant Cruz is a duly licensed Texas attorney and as well versed and experienced in federal constitutional issues far more than Plaintiff.

See *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Ted Cruz is not the first foreign born ineligible president candidate to run afoul of the above U.S. Constitution originals and other laws.  The list is long.  It includes in the last century, Henry Kissenger, FDR, Jr. Herbert Hoover, Jr. and George Romney Governor of Michigan above Law Review Article and Commentaries (fn. 2 at p. 6 ante).

On the standing issue CNN Monday, January 11, 2016, Professor or Laurence Tribe debated CNN Correspondent Jeffrey Toubin on this question. Professor Tribe acknowledged there is a "legitimate legal question as to Cruz's "eligibility" without discussing Mr. McCain's 2008 eligibility, prior opinions including that "opinions of the Supreme Court not directly addressed the question".  The analyses of Prof. Tribe, as to the original intent of the Framers of the Constitution in 1787 was that the candidate must be born on American soil as was Sen. McCain.

Mr. Toubin, a CNN analyst's flexible approach versus Prof. Tribe's Antiquarium, i.e., original interest theory and analysis of Justice Scalia, as discussed by Prof. Tribe, thoroughly vetted in the above 107 Michigan Law Review article by the Professor. What

Prof. Tribe feared most recently in a Cruz's candidacy is his pandering to the far right to overturn the Supreme Court's *Roe v. Wade* ante (1973) and same sex marriage (2015) decisions. *Roe v. Wade* has become the agreed litmus test of all Republican candidates. So Senator Cruz is not sui generis on the policy and campaign pledge and promise.

Mr. Toubin also is unsupported or unsupportable in his contention that no one, but the candidates themselves have standing to challenge Senator Cruz's candidacy. Every eligible registered voter has such standing. This case contrast with the "selected" or "manufactured" candidates for Supreme Court solicitor Mr. Carvin who argued the same sex case and the California's earlier governmental unions "free rider" required payment of union dues argued January 11, 2016 in the same sex marriage case, in fact did not have standing. But the U.S. Solicitor chose not to present and argue and urge it to the court and the Court sua sponte (its own) majority chose not to deny certiorari for lack of standing or any review of the case as presented by that politically selected client. The nation would not have understood that procedural summary disposition and have avoided the resulting 5-4 rejection of DOMA (Defense of Marriage Act) and affirmance of the right of same sex marriages. It is that opinion along with *Roe v. Wade* that Texas Governor Abbott has called for convening Constitutional Convention. Cruz has the absolute First Amendment right to bring this transaction himself so he can do so here to the "Evangelicals" defined as the believers of the New and Old Testaments. Plaintiff being Jewish is familar to the latter and is no scholar or spokesperson on the New Testament. The opening sentence of the Old Testament "Genesis reads:

"…In the beginning, God began to create the heaven and the earth…".  Thereafter coalesce President Jefferson and many of our founding fathers and signers of the U.S. Constitution were "deists", two centuries before the Big Bang theory, Enstein's theories and carbon dating that contrary to contemporary creationists determined that our earth is 4.54 billion years old.  Senator Cruz has an absolute First Amendment right to preach as he did "…the body of Christ will rise up to help me…". He can believe and preach that and all other tenets of his sincere Baptist faith, including presumably as a Southern Baptist tenet that the wife is subordinate to her husband. Orthodox Jews believed this overall into the twenty-first century as some still do. So do Muslims.

Senator Cruz has the unfettered right to do campaign on the promise to: appoint Justices that will be committed to overturn *Roe v. Wade* (1973) and same sex marriage (2015).  Prof. Tribe found that troubling as do many, if not a majority of the U.S. voting population.  Disgracefully, no more than 40% of eligible voters in fact vote.  So take your pick the "antiquarian or originalist" intent of the framers in 1787 of Mr. Toubin's so called "flexible analysis". Mr. Toubin cannot and has not made his case that no one, but the opposing candidate(s) *Bush v. Gore* U.S. 531 U.S. 98 (2000), have standing to challenge Senator Cruz's or any of the candidates' eligibility. However persuasive, one finds each side in this debate, the final decision ultimately rests in the hands of five or more of nine Justices on the Supreme Court as mandated by the Constitution. The answer is not dependent on a current popularity policy including the one with little or no margins of error the Iowa caucus and 49 state primaries and the November general election results without having another *Bush v. Gore*.

Neither this Texas Federal Court nor the Fifth U.S. Circuit Court of Appeals comprised of Texas, Louisiana, and Mississippi appointed judges may speak for the nation, the Supreme Court is empowered to do so, does for better or for worse. The Supreme Court has made colossal blunders, *Dred Scott v. Sandford*, 60 US 393 (1857), costing more lives than in the Revolution and in all subsequent wars to date (409,000 in WWII alone) in *Plessy v. Ferguson* 163 US 537 (1896), ("separate but equal doctrine"), which took 56 years to reverse unanimously in *Brown v. Bd. of Education* 347 US 483 (1954) and *Korematsu v. U.S.*, 323 US 214 (1944), entering U.S. citizens of Japanese ancestry. That is the real danger Prof. Tribe finds fault with Senator Cruz who now does not raise any opposition to his fellow Texas Governor Greg Abbott, campaigns for a Constitutional amendment to limit terms of Supreme Court and all Federal judges to less than their original lifetime appointments. That was wisely made in 1787 them free of the political pressures of the issue of "du jour" (of the day) as explained above in our 240 year history.

WHEREFORE, Plaintiff prays for a Declaratory Judgment holding that Defendant Candidate Ted Cruz is not constitutionally eligible to be elected President and/or Vice President of the United States. No monetary damages are involved and no claim for recovery of attorneys' fees or costs' made. Plaintiff prays for accelerated expedited decision for all above stated reasons.

Respectfully,

*/s/ Newton B. Schwartz, Sr.*
Newton B. Schwartz, Sr., pro se
TBN: 17869000

Fed I.D.: 5080
1911 Southwest Freeway
Houston, Texas  77098
Tel. (713) 630-0708
Fax (713) 630-0789