# PRESIDENTS AND CITIZENSHIP

*Opinion letter by Laurence H. Tribe and Theodore B. Olson*

March 19, 2008

---

We have analyzed whether Senator John McCain is eligible for the U.S. Presidency, in light of the requirement under Article II of the U.S. Constitution that only "natural born Citizen[s] . . . shall be eligible to the Office of President." U.S. Const. art. II, § 1, cl. 5. We conclude that Senator McCain is a "natural born Citizen" by virtue of his birth in 1936 to U.S. citizen parents who were serving their country on a U.S. military base in the Panama Canal Zone. The circumstances of Senator McCain's birth satisfy the original meaning and intent of the Natural Born Citizen Clause, as confirmed by subsequent legal precedent and historical practice.

The Constitution does not define the meaning of "natural born Citizen." The U.S. Supreme Court gives meaning to terms that are not expressly defined in the Constitution by looking to the context in which those terms are used; to statutes enacted by the First Congress, *Marsh v. Chambers*, 463 U.S. 783, 790-91 (1983); and to the common law at the time of the Founding. *United States v. Wong Kim Ark*, 169 U.S. 649, 655 (1898). These sources all confirm that the phrase "natural born" includes both birth abroad to parents who were citizens, and birth within a nation's territory and allegiance. Thus, regardless of the sovereign status of the Panama Canal Zone at the time of Senator McCain's birth, he is a "natural born" citizen because he was born to parents who were U.S. citizens.

Congress has recognized in successive federal statutes since the Nation's Founding that children born abroad to U.S. citizens are themselves U.S. citizens. 8 U.S.C. § 1401(c); *see also* Act of May 24, 1934, Pub. L. No. 73-250, § 1, 48 Stat. 797, 797. Indeed, the statute that the First Congress enacted on this subject not only established that such children are U.S. citizens, but also expressly referred to them as "natural born citizens." Act of Mar. 26, 1790, ch. 3, § 1, 1 Stat. 103, 104.



Senator McCain's status as a "natural born" citizen by virtue of his birth to U.S. citizen parents is consistent with British statutes in force when the Constitution was drafted, which undoubtedly informed the Framers' understanding of the Natural Born Citizen Clause. Those statutes provided, for example, that children born abroad to parents who were "natural-born Subjects" were also "natural-born Subjects . . . to all Intents, Constructions and Purposes whatsoever." British Nationality Act, 1730, 4 Geo. 2, c. 21. The Frames substituted the word "citizen" for "subject" to reflect the shift from monarch to democracy, but the Supreme Court has recognized that the two terms are otherwise identical. *See e.g.*, *Hennessy v. Richardson Drug Co.*, 189 U.S. 25, 34-35 (1903). Thus, the First Congress's statutory recognition that persons born abroad to U.S. citizens were "natural born" citizens fully conformed to British tradition, whereby citizenship conferred by statute based on the circumstances of one's *birth* made one *natural born.*

There is a second and independent basis for concluding that Senator McCain is a "natural born" citizen within the meaning of the Constitution. If the Panama Canal Zone was sovereign U.S. territory at the time of Senator McCain's birth, then that fact alone would make him a "natural born" citizen under the well-established principle that "natural born" citizenship includes birth within the territory and allegiance of the United States. *See, e.g.*, *Wong Kim Ark*, 169 U.S. at 655-66. The Fourteenth Amendment expressly enshrines this connection between birthplace and citizenship in the text of the Constitution. U.S. Const. amend. XIV, § 1 ("All persons *born* or naturalized *in the United States*, and subject to the jurisdiction thereof, are citizens of the United States . . . .") (emphases added). Premising "natural born" citizenship on the character of the territory in which one is born is rooted in the common-law understanding that persons born within the British kingdom and under loyalty to the British Crown – including most of the Framers themselves, who were born in the American colonies – were deemed "natural born subjects." *See*, *e.g.*, 1 William Blackstone, *Commentaries on the Laws of England* 354 (Legal Classics Library 1983) (1765) ("Natural-born subjects are such as are born within the dominions of the crown of

England, that is, within the ligeance, or as it is generally called, the allegiance of the king . . . .").

There is substantial legal support for the proposition that the Panama Canal Zone was indeed sovereign U.S. territory when Senator McCain was born there in 1936. The U.S. Supreme Court has explained that, "[f]rom 1904 to 1979, the United States exercised sovereignty over the Panama Canal and the surrounding 10-mile-wide Panama Canal Zone." *O'Connor v. United States*, 479 U.S. 27, 28 (1986). Congress and the executive branch similarly suggested that the Canal Zone was subject to the sovereignty of the United States. *See, e.g., The President — Government of the Canal Zone*, 26 Op. Att'y Gen. 113, 116 (1907) (recognizing that the 1904 treaty between the United States and Panama "imposed upon the United States the obligations as well as the powers of a sovereign within the [Canal Zone]"); Panama Canal Act of 1912, Pub. L. No. 62-337, § 1, 37 Stat. 560, 560 (recognizing that "the use, occupancy, or control" of the Canal Zone had been "granted to the United States by the treaty between the United States and the Republic of Panama"). Thus, although Senator McCain was not born within a State, there is a significant body of legal authority indicating that he was nevertheless born within the sovereign territory of the United States.

Historical practice confirms that birth on soil that is under the sovereignty of the United States, but not within a State, satisfies the Natural Born Citizen Clause. For example, Vice President Charles Curtis was born in the territory of Kansas on January 25, 1860 — one year before Kansas became a State. Because the Twelfth Amendment requires that Vice Presidents possess the same qualifications as Presidents, the service of Vice President Curtis verifies that the phrase "natural born Citizen" includes birth outside of any State but within U.S. territory. Similarly, Senator Barry Goldwater was born in Arizona before its statehood, yet attained the Republican Party's presidential nomination in 1964. And Senator Barack Obama was born in Hawaii on August 4, 1961 — not long after its admission to the Union on August 21, 1959. We find it inconceivable that Senator Obama would have been ineligible for the Presi-

dency had he been born two years earlier.

Senator McCain's candidacy for the Presidency is consistent not only with the accepted meaning of "natural born Citizen," but also with the Framers' intentions when adopting that language. The Natural Born Citizen Clause was added to the Constitution shortly after John Jay sent a letter to George Washington expressing concern about "Foreigners" attaining the position of Commander in Chief. 3 Max Farrand, *The Records of the Federal Convention of 1787*, at 61 (1911). It goes without saying that the Framers did not intend to exclude a person from the office of the President simply because he or she was born to U.S. citizens serving in the U.S. military outside of the continental United States; Senator McCain is certainly not the hypothetical "Foreigner" who John Jay and George Washington were concerned might usurp the role of Commander in Chief.

Therefore, based on the original meaning of the Constitution, the Framers' intentions, and subsequent legal and historical precedent, Senator McCain's birth to parents who were U.S. citizens, serving on a U.S. military base in the Panama Canal Zone in 1936, makes him a "natural born Citizen" within the meaning of the Constitution.

*[signature]*     *[signature]*

Laurence H. Tribe     Theodore B. Olson