# Natural Born Presidents

*James C. Ho[†]*

The 2012 Presidential campaigns generated more than their fair share of controversies. One particular issue garnered relatively little interest this election cycle, however: Were the two major party candidates for President constitutionally eligible to hold the office?

This stands in stark contrast to four years ago. Remarkably, both major party candidates in 2008 faced persistent questions — and multiple lawsuits — challenging their eligibility to serve as President.

The nature of the challenges differed significantly between the two candidates, however.

For then-Senator Barack Obama, the discussion quickly became fodder for late night comedians and a fixture in our nation's popular culture. But it turned largely on factual disputes of little interest to the legal academy (not to mention of little merit as well).

By contrast, questions about the eligibility of Senator John McCain implicated genuinely disputed legal issues that scholars have hotly contested for decades.

• • •

Article II of the Constitution provides that only a "natural born Citizen" shall be eligible to serve as President. But what exactly does that mean?

Must a person actually be born on U.S. soil? Or is any person eligible who was a U.S. citizen at time of birth — whether as a result

---

[†] Partner, Gibson, Dunn & Crutcher LLP.



*JAMES C. HO*

of place of birth, or through the U.S. citizenship of the person's parents? These questions have been debated by constitutional scholars since well before the 2008 election cycle.[1]

Just ask the 2012 Republican candidate for President. His father, former Michigan Governor George Romney, faced questions about his own eligibility when he (unsuccessfully) pursued the Republican nomination for President in 1968. George Romney was born to U.S. citizen parents, and thus entitled to U.S. citizenship at birth — but he was born in Mexico.

Thanks to the 2008 Presidential election cycle, this decades-long debate over the meaning of "natural born Citizen" should now be settled as a practical matter. A major political party nominated an individual for President, and the other major political party accepted that person's constitutional qualifications for the office — even though that person was born outside the United States. As *Pub. L. Misc.* readers well know, constitutional law is not exclusively written by judges. Even "political" precedents can play a significant role in constitutional law.

• • •

But exactly what "precedent" does the McCain nomination establish? This question has generated some confusion.

One might argue, for example, that McCain was eligible for the Presidency based on the traditionally accepted ground that he was in fact born on U.S. soil — namely, on Coco Solo Naval Air Station, a U.S. military installation in the Panama Canal Zone. Others, however, have raised real doubts about this claim, due to ambiguities concerning whether the United States actually exercised sovereignty over the Panama Canal Zone at the time of his birth.[2]

---

[1] *See, e.g.*, Isidor Blum, *Is Gov. George Romney Eligible to Be President?*, N.Y.L.J., Oct. 16 & 17, 1967, at 1; Charles Gordon, *Who Can Be President of the United States: The Unresolved Enigma*, 28 Md. L. Rev. 1 (1968); Jill A. Pryor, *The Natural-Born Citizen Clause and Presidential Eligibility: An Approach for Resolving Two Hundred Years of Uncertainty*, 97 Yale L.J. 881 (1988). Indeed, the constitutional debate over McCain's eligibility inspired an entire *Michigan Law Review* symposium devoted to the topic. *See Senator John McCain and Natural Born Citizenship: The Full Symposium*, *available at* www.michiganlawreview.org/first-impressions /volume/107.

[2] *See, e.g.*, *Hollander v. McCain*, 566 F. Supp. 2d 63, 66 (D.N.H. 2008) (noting that "[t]he

NATURAL BORN PRESIDENTS

So when the United States Senate unanimously approved a resolution deeming Senator McCain eligible for the Presidency, it did not do so because he was born on U.S. soil. Instead, the Senate resolved that McCain was eligible because "previous presidential candidates were *born outside of the United States of America* and were understood to be eligible to be President."[3] The resolution further pointed out that any other view would be "inconsistent with the purpose and intent of the 'natural born Citizen' clause of the Constitution of the United States, as evidenced by the First Congress's own statute defining the term 'natural born Citizen'" to cover persons born to U.S. citizens outside U.S. soil.[4]

The Senate resolution came just weeks after the publication of a legal opinion by renowned constitutional scholar Laurence H. Tribe and former U.S. Solicitor General Theodore B. Olson. That letter argued in support of both potential bases for Senator McCain's eligibility. But it led with McCain's entitlement to citizenship at birth by virtue of his parents' citizenship – not place of birth.

To the extent that courts have subsequently weighed in on the issue, they too have sided in favor of the broader conception of Presidential eligibility.[5] But to your humble *Pub. L. Misc.* editors, it is the

---

Supreme Court . . . has made contradictory comments in dicta on the status of the Canal Zone" under the Hay-Bunau-Varilla Convention). Mischievously, Congress did not enact legislation conferring citizenship at birth on persons born in the Canal Zone to U.S. citizens until 1937 – a year *after* McCain's birth. 8 U.S.C. § 1403(a). *See generally* Gabriel J. Chin, *Why Senator John McCain Cannot Be President: Eleven Months and a Hundred Yards Short of Citizenship, available at* papers.ssrn.com/sol3/papers.cfm?abstract-id=1157621.

[3] S. Res. 511, 110th Cong. (2008), 2 J.L. (2 PUB. L. MISC.) ___ (2012) (emphasis added).

[4] *See* 1 Stat. 103, 104 (1790) ("the children of citizens of the United States that might be born beyond the sea, or out of the limits of the United States, should be considered as natural-born citizens"). It is well established that enactments of the First Congress provide strong context for construing our Constitution. *See, e.g.*, *Marsh v. Chambers*, 463 U.S. 783, 790-91 (1983).

[5] *See Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (finding it "highly probable . . . that Senator McCain is a natural born citizen" due to his birth to at least one U.S. citizen parent, before dismissing case for lack of standing); *Hollander v. McCain*, 566 F. Supp. 2d 63, 66 n.3 (D.N.H. 2008) (noting that "the weight of the commentary falls heavily on the side of eligibility" for persons born outside the U.S. to at least one U.S. citizen parent, before dismissing case for lack of standing); *see also Ankeny v. Governor of Indiana*, 916 N.E.2d 678, 684 n. 10 (Ind. Ct. App. 2009) (noting that "[t]he United States Senate passed a resolution on April 30, 2008, which explicitly recognized Senator John McCain as

*JAMES C. HO*

non-judicial materials that emerged from Senator McCain's 2008 run for the White House that are more interesting – not to mention less accessible. Accordingly, we are pleased to publish them here – for posterity, and for those who study the Presidency.

---

a natural born citizen," and that "Plaintiffs do not cite to any authority or develop any co-gent legal argument for the proposition that a person must actually be born within one of the fifty States in order to qualify as a natural born citizen").

# Presidents and Citizenship

*Opinion letter by Laurence H. Tribe and Theodore B. Olson*

March 19, 2008

---

We have analyzed whether Senator John McCain is eligible for the U.S. Presidency, in light of the requirement under Article II of the U.S. Constitution that only "natural born Citizen[s] . . . shall be eligible to the Office of President." U.S. Const. art. II, § 1, cl. 5. We conclude that Senator McCain is a "natural born Citizen" by virtue of his birth in 1936 to U.S. citizen parents who were serving their country on a U.S. military base in the Panama Canal Zone. The circumstances of Senator McCain's birth satisfy the original meaning and intent of the Natural Born Citizen Clause, as confirmed by subsequent legal precedent and historical practice.

The Constitution does not define the meaning of "natural born Citizen." The U.S. Supreme Court gives meaning to terms that are not expressly defined in the Constitution by looking to the context in which those terms are used; to statutes enacted by the First Congress, *Marsh v. Chambers*, 463 U.S. 783, 790-91 (1983); and to the common law at the time of the Founding. *United States v. Wong Kim Ark*, 169 U.S. 649, 655 (1898). These sources all confirm that the phrase "natural born" includes both birth abroad to parents who were citizens, and birth within a nation's territory and allegiance. Thus, regardless of the sovereign status of the Panama Canal Zone at the time of Senator McCain's birth, he is a "natural born" citizen because he was born to parents who were U.S. citizens.

Congress has recognized in successive federal statutes since the Nation's Founding that children born abroad to U.S. citizens are themselves U.S. citizens. 8 U.S.C. § 1401(c); *see also* Act of May 24, 1934, Pub. L. No. 73-250, § 1, 48 Stat. 797, 797. Indeed, the statute that the First Congress enacted on this subject not only established that such children are U.S. citizens, but also expressly referred to them as "natural born citizens." Act of Mar. 26, 1790, ch. 3, § 1, 1 Stat. 103, 104.

*TRIBE AND OLSON OPINION LETTER, MAR. 19, 2008*

Senator McCain's status as a "natural born" citizen by virtue of his birth to U.S. citizen parents is consistent with British statutes in force when the Constitution was drafted, which undoubtedly informed the Framers' understanding of the Natural Born Citizen Clause. Those statutes provided, for example, that children born abroad to parents who were "natural-born Subjects" were also "natural-born Subjects . . . to all Intents, Constructions and Purposes whatsoever." British Nationality Act, 1730, 4 Geo. 2, c. 21. The Frames substituted the word "citizen" for "subject" to reflect the shift from monarch to democracy, but the Supreme Court has recognized that the two terms are otherwise identical. *See e.g.*, *Hennessy v. Richardson Drug Co.*, 189 U.S. 25, 34-35 (1903). Thus, the First Congress's statutory recognition that persons born abroad to U.S. citizens were "natural born" citizens fully conformed to British tradition, whereby citizenship conferred by statute based on the circumstances of one's *birth* made one *natural born.*

There is a second and independent basis for concluding that Senator McCain is a "natural born" citizen within the meaning of the Constitution. If the Panama Canal Zone was sovereign U.S. territory at the time of Senator McCain's birth, then that fact alone would make him a "natural born" citizen under the well-established principle that "natural born" citizenship includes birth within the territory and allegiance of the United States. *See, e.g.*, *Wong Kim Ark*, 169 U.S. at 655-66. The Fourteenth Amendment expressly enshrines this connection between birthplace and citizenship in the text of the Constitution. U.S. Const. amend. XIV, § 1 ("All persons *born* or naturalized *in the United States*, and subject to the jurisdiction thereof, are citizens of the United States . . . .") (emphases added). Premising "natural born" citizenship on the character of the territory in which one is born is rooted in the common-law understanding that persons born within the British kingdom and under loyalty to the British Crown – including most of the Framers themselves, who were born in the American colonies – were deemed "natural born subjects." *See*, *e.g.*, 1 William Blackstone, *Commentaries on the Laws of England* 354 (Legal Classics Library 1983) (1765) ("Natural-born subjects are such as are born within the dominions of the crown of

England, that is, within the ligeance, or as it is generally called, the allegiance of the king . . . .").

There is substantial legal support for the proposition that the Panama Canal Zone was indeed sovereign U.S. territory when Senator McCain was born there in 1936. The U.S. Supreme Court has explained that, "[f]rom 1904 to 1979, the United States exercised sovereignty over the Panama Canal and the surrounding 10-mile-wide Panama Canal Zone." *O'Connor v. United States*, 479 U.S. 27, 28 (1986). Congress and the executive branch similarly suggested that the Canal Zone was subject to the sovereignty of the United States. *See*, *e.g.*, *The President — Government of the Canal Zone*, 26 Op. Att'y Gen. 113, 116 (1907) (recognizing that the 1904 treaty between the United States and Panama "imposed upon the United States the obligations as well as the powers of a sovereign within the [Canal Zone]"); Panama Canal Act of 1912, Pub. L. No. 62-337, § 1, 37 Stat. 560, 560 (recognizing that "the use, occupancy, or control" of the Canal Zone had been "granted to the United States by the treaty between the United States and the Republic of Panama"). Thus, although Senator McCain was not born within a State, there is a significant body of legal authority indicating that he was nevertheless born within the sovereign territory of the United States.

Historical practice confirms that birth on soil that is under the sovereignty of the United States, but not within a State, satisfies the Natural Born Citizen Clause. For example, Vice President Charles Curtis was born in the territory of Kansas on January 25, 1860 — one year before Kansas became a State. Because the Twelfth Amendment requires that Vice Presidents possess the same qualifications as Presidents, the service of Vice President Curtis verifies that the phrase "natural born Citizen" includes birth outside of any State but within U.S. territory. Similarly, Senator Barry Goldwater was born in Arizona before its statehood, yet attained the Republican Party's presidential nomination in 1964. And Senator Barack Obama was born in Hawaii on August 4, 1961 — not long after its admission to the Union on August 21, 1959. We find it inconceivable that Senator Obama would have been ineligible for the Presi-

*TRIBE AND OLSON OPINION LETTER, MAR. 19, 2008*

dency had he been born two years earlier.

Senator McCain's candidacy for the Presidency is consistent not only with the accepted meaning of "natural born Citizen," but also with the Framers' intentions when adopting that language. The Natural Born Citizen Clause was added to the Constitution shortly after John Jay sent a letter to George Washington expressing concern about "Foreigners" attaining the position of Commander in Chief. 3 Max Farrand, *The Records of the Federal Convention of 1787*, at 61 (1911). It goes without saying that the Framers did not intend to exclude a person from the office of the President simply because he or she was born to U.S. citizens serving in the U.S. military outside of the continental United States; Senator McCain is certainly not the hypothetical "Foreigner" who John Jay and George Washington were concerned might usurp the role of Commander in Chief.

Therefore, based on the original meaning of the Constitution, the Framers' intentions, and subsequent legal and historical precedent, Senator McCain's birth to parents who were U.S. citizens, serving on a U.S. military base in the Panama Canal Zone in 1936, makes him a "natural born Citizen" within the meaning of the Constitution.

Laurence H. Tribe                Theodore B. Olson

# PRESIDENTS AND CITIZENSHIP

*Claire McCaskill et al., Senate Resolution 511*

April 30, 2008

_____

# S. RES. 511

Recognizing that John Sidney McCain, III, is a natural born citizen.

_____

## IN THE SENATE OF THE UNITED STATES

APRIL 10, 2008

Mrs. MCCASKILL (for herself, Mr. LEAHY, Mr. OBAMA, Mr. COBURN, Mrs. CLINTON, and Mr. WEBB) submitted the following resolution; which was referred to the Committee on the Judiciary

APRIL 24, 2008

Reported by Mr. LEAHY, without amendment

APRIL 30, 2008

Considered and agreed to

_____

## RESOLUTION

Recognizing that John Sidney McCain, III, is a natural born citizen.

Whereas the Constitution of the United States requires that, to be eligible for the Office of the President, a person must be a "natural born Citizen" of the United States;

Whereas the term "natural born Citizen", as that term appears in Article II, Section 1, is not defined in the Constitution of the United States;

Whereas there is no evidence of the intention of the Framers or any Congress to limit the constitutional rights of children born to Americans serving in the military nor to prevent those children

*MCCASKILL ET AL., S. RES. 511, APR. 30, 2008*

from serving as their country's President;

Whereas such limitations would be inconsistent with the purpose and intent of the "natural born Citizen" clause of the Constitution of the United States, as evidenced by the First Congress's own statute defining the term "natural born Citizen";

Whereas the well-being of all citizens of the United States is preserved and enhanced by the men and women who are assigned to serve our country outside of our national borders;

Whereas previous presidential candidates were born outside of the United States of America and were understood to be eligible to be President; and

Whereas John Sidney McCain, III, was born to American citizens on an American military base in the Panama Canal Zone in 1936: Now, therefore, be it

*Resolved,* That John Sidney McCain, III, is a "natural born Citizen" under Article II, Section 1, of the Constitution of the United States.