# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| NEWTON BORIS SCHWARTZ, SR. | § | |
| INDIVIDUALLY, AND/OR AS (B) | § | |
| CLASS REPRESENTATIVE AND/OR | § | |
| ON BEHALF OF ALL ELIGIBLE | § | |
| TEXAS AND NATIONALLY | § | |
| UNITED STATES REGISTERED | § | |
| (C) ELIGIBLE AND/OR | § | |
| QUALIFIED VOTERS FOR | § | CIVIL ACTION 4:16-cv-00106 |
| VOTING IN THE 2016 FIFTY STATE | § | |
| ELECTION PRIMARIES AND | § | |
| IN THE NOVEMBER 1, 2016 | § | |
| GENERAL PRESIDENTIAL AND | § | |
| VICE PRESIDENT 2016 ELECTIONS | § | |
| | § | NO JURY |
| | § | |
| vs. | § | |
| | § | |
| TED CRUZ A/K/A RAFAEL | § | |
| EDWARD CRUZ, INDIVIDUALLY | § | |
| Defendant | § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT (PER FRCP 15(a)(1)(A)(B), 15(b) AND 15(c))

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Newton B. Schwartz, Sr. in his above capacities (hereinafter NBS) and files this his Second Amended Original Complaint[1] per FRCP 15(a)(1)(A) and/or (B) as a matter of course and/or FRCP 15(b)[2] and/or FRCP 15(c) as follows:

---

[1] All allegations, pleadings and Exhibits filed in Plaintiff's (1) Original Complaint and exhibits; and (2) First Amended Original Complaint and exhibits are all adopted by reference per FRCP 10(c).

[2] Amended per FRCP 15(a)(1)(A) and/or (B) without prior leave to file being required. If for any reason, leave to file is required, it is so moved now.

Defendant Cruz' emerged victorious as first in the Iowan Republican caucus supports that this is very much a case and/or controversy ripe for decision[3]

No responsive pleadings or Motions have been filed by Defendant Cruz as of this filing, Defendant Cruz has been served twice with Summons on January 20, 2016 and January 21, 2016 via U.S. Certified Mail, return receipt requested (Exhibits J and J-1 respectively). The latter service of his First Amended Original Complaint and exhibits. Plaintiff adopts by reference all allegations, pleadings and exhibits to his: (1) Original Complaint and exhibits filed January 14, 2016; and (2) First Amended Original Complaint and exhibits filed January 19, 2016; and (3) Plaintiff's Memorandum of Law regarding his (Plaintiff's) Standing to Challenge Defendant Cruz' Candidacy for President and/or Vice President of the United States and exhibits filed January 27, 2016, per FRCP 10(c) and per FRCP 15(c)[4].

I.

I-A    ADDITIONAL FACTS

A Complaint in Intervention and exhibits was filed February 1, 2016. They are all attached as Exhibit K series and all are adopted by reference per FRCP 10(c). Plaintiff (a) disclaims and disavows unrelated challenges and not at issue before this Court all

---

[3] It was not without Cruz' next day apology for this staff's "dirty trick" in issuing a press release on February 1, 2016 for the national distribution that fourth place finish untruthfully stated that "…Dr. Ben Carson has suspended his campaign…". In fact Dr. Carson returned to his home on February 2, 2016 while all other candidate flew over to New Hampshire. Defendant Cruz had to public apologize for his staff without admitting he personally authorized its release. Dr. Carson accepted his apology.

[4] There is no statute of limitations or laches issue here as this current "case and controversy" is still ripe for decision after the initial voting results of the first Iowa caucus held yesterday on February 1, 2016 in it. Defendant Cruz was victorious in first place in the Iowa caucus receiving approximately 28% of the votes.

Intervenor's respective moot claims President Obama, and Senator Rubio and Governor Jindal of Louisiana were also ineligible to be elected per Article II, Section 1, Clause 5 of the U.S. Constitution and (2) notes his reference to and spelling of "stare decises" (Par. 11 at p. 2) is not necessarily incorrect as the plural and/or (b) his "stare decisions" therein.  This is an acceptable Latin translation.  Said Intervention adds and supports additional element to the "standing requirements" for the Court to hear and decide the above constitutional issue which Plaintiff adopts per FRCP Rule 10(c).

I-B     ADDITIONAL SUBSTANTIAL FACTS

Defendant's mother Eleanor Darragh Wilson Cruz was first married in Fort Worth, Texas about September 1, 1956 to Mr. Alan Wilson per Exhibit L.  On or about 1956 was also her graduation from attending 1952 to 1956 graduating with a math degree from Rice Institute (now Rice University) in Houston, Texas.

FRCP Rule 15(c) also applies to Plaintiff's adoption of amendment of some or any documents filed in the District Court.  *Scarborough v. Princi*, 541 U.S. 401, 416, 418 (2004).  As to the "standing issue" and anticipating either: (a) a full constitutional reply on this merit of this important constitutional issue of first impression now raised and ripe for decision now since 1787-1788 (some 220 years); and/or (b) a legally anticipated but politically unwise decisions, i.e., a Motion to dismissal for (1) lack of standing; and (2) failure to state a claim upon which relief may be granted per FRCP 12(b)(6).  The Supreme Court has recently held that the strict pleading requirement of FRCP 8(a)(2) as enumerated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) "…when ruling on a defendant's motion to dismiss, a

judge must accept as true all of the factual allegations contained in the complaint…". This more so in pro se filing as here. Although Plaintiff is not the usual typical pro se party after 61 years of law practice and does not seek any laxed procedural and/or substantive standards of pleading compliance.

> "…Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, the statement need only " 'give the defendant fair notice of what the … claim is and the grounds upon which it rests' ". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra*, at 555 – 556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorma N.A.,* 534 U.S. 506, 508, n.1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974))…" *Erickson v. Pardus et al.*, 551 U.S. 89 (2007) per curiam J. Thomas dissenting and J. Scalia "…would have denied petition for certiorari…". *Id.*, p. 89.

In summary, the undisputed relevant facts documented in this Clerk's Record are:

1. Eleanor Darragh Wilson Cruz was a natural born U.S. citizen, born in Delaware, USA in 1934;

2. She graduated from Rice Institute (now Rice University) with a degree in Math in 1959; and

3. First married Texan and U.S. citizen Alan Wilson on September 1, 1956 in Fort Worth, Texas;

4. They were later divorced (where and when is not documented and is not relevant);

5. She later married Cuban born citizen Rafael Bienvenido Cruz in Canada and they both became Canadian citizens prior to Rafael (Ted) Edward Cruz' birth in dominion of Canada in 1970 (December 22, 1970 per Exhibit M).

6. Eleanor Cruz and Rafael Cruz were, as Canadian citizens, eligible, registered voters and voted (Exhibit H-3) when they each voted in 1974 in a Calgary Province Canadian election in 1974.  The Defendant Rafael (Ted) Cruz was a native born Canadian citizen at his birth in December 1970.  He did not attempt to renounce his Canadian citizenship, assuming, arguendo, he was legally eligible and able to do so per Exhibit H-1 on May 14, 2014 at age 43.

7. Applicable governing Canadian laws at all material times from 1970 to date did not and do not permit dual citizenship.  This disqualified (a) his mother and (b) his being a U.S. citizen.  Defendant Cruz could not renounce legally nunc pro tunc or relation back theory or ab initio from its inception his Canadian de soli (soil) birth citizenship by his purported act of revocation in 2014 (Exhibit H-1);

8. Therefore Defendant Cruz was not born to any parent American (United States) citizens, mother or father in 1970 but rather was born of a Canadian citizen mother Eleanor and Cuban citizen and/or Canadian father Rafael Cruz, who may have acquired (and arguably citizenship and who was required to be a citizen of Canada to be eligible to vote in the 1974 Calgary Canada election (Exhibit H-3) along with his Canadian mother and wife Eleanor Cruz as is documented by the above following Canadian voting roll record, Exhibit H-3.

9. From the above publicly published and documented facts, assuming arguendo, that Eleanor Darragh Wilson Cruz was born in Delaware in November 23, 1934 and (b) attained the age of 14 in November 23, 1948; and (c) spent at least five years thereafter until November 23, 1953, of which were after she attained the age of 14 in 1948 or until November 23, 1953.  The issue remains whether or not she abandon, forfeit and/or renounce her U.S. citizenship when she voluntarily applied for and attained Canadian citizenship after the earlier dates of (1) marrying Rafael Cruz (date of birth 1939 in Cuba) in Canada or wherever.  Such facts and documents have not been able to be located but are peculiarly within her or Defendant's possession, control and knowledge; and assuming applicable and governing Canadian law at the respective times did not permit dual Canadian and U.S. citizenship.

10. Whether the burden of proof is upon Plaintiff or Defendant Cruz has been briefed and is not clear.  Unless or until such above facts and legal conclusions of Canadian law are finally or initially determined, Defendant is not eligible for his candidacy for the Presidency as a "natural born" U.S. citizen.  Defendant Cruz may be, in fact, a man without a country under the above facts known to date and filed.  There is no higher more important question now required to be defined worldwide, not just domestic, that his eligibility for the Presidency resting on this Court's decision and as finally determined herein.

11. As contrasted with Defendant Cruz, the long disputed (since 2008) elected 44th U.S. President Barack Hussein Obama was a natural born U.S. citizen.  He was

born in the U.S. state of Hawaii in 1960 after its statehood to a U.S. born mother who then resided in the U.S. State of Hawaii, and whose U.S. citizenship was never revoked, renounced or lost, legal or factually. This birth in Hawaii under "jus sol" rule is when he was at birth and was also a "natural born (U.S.) citizen." Defendant Cruz was not and is not. President Obama never renounced, revoked, rescinded, forfeited or gave up his U.S. citizenship to the present time.

12. The following leading Supreme Court authorities decided beginning shortly after the adoption of the Constitution, ante, in 1787 were the authorities as relied upon by and known by the co-authors and delegates in 1787 (who ratified so the Constitution itself. This included, but were not limited to late President James Madison one author of the Constitution and U.S. Secretary of State under the third Presient Thomas Jefferson and respondent and witness in *Marbury v. Madison*, 5 U.S. 137 (1803); and (2) the Second Chief Justice of the U.S. Supreme Court, John Marshall); (3) the first being John Jay and another delegate in Philadelphia in 1787 at the writing and adoption of the Constitution. Benjamin Franklin, first President George Washington, second President John Quincy Adams, and lesser known today, Dwight Smith and David Ramsey. The later (Ramsey) wrote articles and explanation and explication of the intent of the founders' at the time of the adoption of the Constitution:

a. They relied upon English jurists and common law for the Magna Charta (1215) where the Baron at Runnymeade Britain extracted from King John, the only written English (British, now United Kingdom) rights including to a jury trial

and (b) long evolution the English common law up to 1776 Revolution and War of Independence, first war with England 1775-1781. The cited and relied upon English Common Law evolved and leading up to the Revolutionary War of 1776 by English jurist Sir Edward Coke; 1552-1634 and by Ramsey and Emer de Vattel (Vattel). The latter authored his influential treatise "The Law of Nations" or "Principles of the Law of Nature Applied to the Conduct and Affairs of Nations and Sovereigns," particularly Section 212 (first published in 1758 in French, and in 1759 in English).

b. And see the following decision of the Supreme Court although not directly construing the phrase but not related to the question of who is a "natural born citizen". They are all instructive of the political and legislative history as recounted by the Supreme court from 1798 to 1814 to 1830 construing contemporary immigration legislation and congressional intent in enacting the first 1790 Immigration Act (rescinded in 1795) and following naturalization laws from the first Congress. See e.g. *Inglis v. The Trustee of the Sailor's Sung Harbour in the City of New York*, 28 U.S. 99 (1830)[5].

---

[5] Rehearing was denied by Movant counsel, later nineteenth century U.S. Senator Daniel Webster who to this date argued more cases to date excluding John W. Davis (1915-1952) than any other non U.S. Solicitor General in the history of the Supreme Court, *id.*, at 191, *Inglis*. The opinion was delivered by Chief Justice (*id.* at 192 who dissented in part with Justice Story, *id*, at 145-190. The case was argued when there were six Justices living). At the time of the decision 1830 there were five Judges (Justices living). *Id.* at 191. The case first came before the Supreme Court at its January 1820 term from the (now Second) New York Circuit Court for the Southern District of New York. After initial argument of counsel, it was left under advisement until the present term…" *Id.* at 191. The case was tried at October term 1827…" *Id*. at 102.

    c. The meaning of the phrase "natural born citizen" has been discussed and elaborated on in dictum in:

*The Venus*, 12 U.S. 253 (8 Cranch) (1814) citing Vattel defining "…Natives or indigenes…" (*Inglis v. The Trustee of the Sailor's Sung Harbour in the City of New York*, 28 U.S. 99 (1830)) and *Shanks v. DuPont*, 28 U..S. 242, 245 (1830) decided on the citizenship principles and of Vattel's "Law of Nations" and citing Emer de Vattel (Vattel) and not the above historical English common law.  This evolved later in the Supreme Court decision in *Dred Scott v. Sandford*, 60 U.S. 393 (1856) and citing definition of natural born subject citing Vattel's above treatises Section 212; and the cases previously cited, post Thirteenth and Fourteenth Constitutional Amendments post Civil War, in the Slaughter House cases 83 U.S. 36 (1873) ante 88 U.S. 167-168 and *U.S. v. Wong Kim Ark*, 169 U.S. 649 (1898), it is cited at length previously and all adopted by reference per FRCP 10(c).

  As of February 1, 2016, Mrs. Eleanor Darragh Wilson Cruz (mother) is alive and well and is Ted Cruz' "most trusted adviser."  So said Heidi Cruz before an Iowa rally on January 31, 2016 reported on CSPAN and related by her on February 2, 2016 in Town Hall in Windham, New Hampshire and broadcast live on CSPAN.  She and/or Defendant Cruz can supply any missing and relevant factual gaps, if any remain as to his status: (1) as to her above Canadian citizen; including (2) at the time of Defendant Cruz' birth in 1970; and (3) her and husband as being Canadian citizens when they voted in the 1974

(Exhibit H-3) documented Calgary Canadian elections and the chain of her Canadian citizenship history, documented.

At this critical juncture in the presidential campaign, it is politically beneficial to both Defendant Cruz as well as the entire United States nation to do so politically, for this Court to decide whether or not Article II, Section 1, Clause 5 does or does not disqualify him constitutionally. As an avowed constitutional scholar, at least until Defendant's recent condemnation of the Supreme Court's decision in *Obergefell v. Hodges,* 135 S.Ct. 2584 (2015) (authorizing same sex marriage as constitutionally protected. Three Iowa Supreme Court Justices were impeached or recalled for voting the same earlier) as decided by five (5) "unelected bureaucrats" or worse. As in the military (in which several lawyers have served) "…he who lives by the sword must die by the sword…". Defendant's decision here to delay and/or to seemingly avoid entirely answering this critical issue on the merits here and/or (b) before the Fifth Circuit Court of Appeals or Supreme Court for its first time squarely presented in the final analysis may be a far more costly error in the long run that his allegations favorable to his major support in the hydrocarbon (oil and gas) industry in opposing renewals of corn and other agricultural sources of ethanol in Iowa; and (b) his apology on February 2, 20166 for his staffs' false claim regarding Dr. Ben Carson. The former produced the condemnation by long time sitting Iowa governor, 1983-2016, Terry Branstad in the critical week before the February 1, 2016 Iowa caucuses. From Defendant's receipt of a $16-$18 million dollar contribution by the Texas Ford brothers whose fortune came from the now threatened hydro-fracturing ("fracking") recovery of oil and gas from the Bakken field in North

10

Dakota to the Texas Eagleford shale production and from Goldman Sachs itself heavily involved in the same oil and gas investment in its future.

The above and sources of his contributions are largely irrelevant to the Court's decision and standing.  Mrs. Eleanor Cruz' hiatus and/or revocation and/or revoking herein of her U.S. citizenship as a voting Canadian citizen 1968-1974 is relevant.  These facts are within her and the Defendant's sole or primary possession and control.

This Court and the Fifth Circuit Court of Appeals and/or the U.S. Supreme Court promptly decide the single constitutional issue presented now without further delays. While Defendant need not take proffered legal advice from opponents Trump, et al. or Plaintiff, the American people are entitled to remove all documents over this Constitutional cloud overhanging their vote and leading up to January 20, 2017 at noon Washington, D.C. (eastern time).  In order to cast an intelligible meaningful vote or votes (primary and national) now and on November 8, 2016.

WHEREFORE, Plaintiff prays for a Declaratory Judgment adjudicating and deciding whether or not Defendant Cruz is eligible to be elected and certified by the Electoral College vole and serve as President of the United States per U.S. Constitution Article II, Section 1, Clause 5 and for all other relief to which Plaintiff shows himself to be entitled.

Respectfully submitted,

*/s/ Newton B. Schwartz, Sr.*
Newton B. Schwartz, Sr., pro se
TBN: 17869000
Fed I.D.: 5080
1911 Southwest Freeway

11

                                        Houston, Texas  77098
                                        Tel. (713) 630-0708
                                        Fax (713) 630-0789

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above document in accordance of Federal Rules of Civil Procedure U.S. Certified Mail, Return Receipt Requested and/or U.S. Regular Mail on this 3rd day of February, 2016.

                                        */s/ Newton B. Schwartz, Sr.*
                                        Newton B. Schwartz, Sr

| | |
|---|---|
| Senator Ted Cruz<br>808 Travis, Suite 1420<br>Houston, Texas 77002 | VIA CMRRR 7005 1160 0005 1707 7931 |
| Ted Cruz<br>3333 Allen Parkway, Unit 1906<br>Houston, Texas 77019 | VIA CMRRR 7005 1160 0005 1707 7948 |
| Hon. Loretta E. Lynch<br>U. S. Attorney General<br>U. S. Dept. of Justice<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530-001 | VIA U.S. Regular Mail |
| Hon. Donald B. Verrilli, Jr.<br>U. S. Solicitor General<br>U. S. Dept. of Justice<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530-001 | VIA U.S. Regular Mail |
| Hon. Ken Paxton<br>Texas Attorney General<br>Office of Attorney General<br>P. O. Box 12548<br>Austin, Texas 78711-2548 | VIA U.S. Regular Mail |

Reince Priebus							VIA U.S. Regular Mail
Chairman, Republican National Committee
310 First Street SE
Washington, D.C. 20003

Debbie Wasserman Schultz					VIA U.S. Regular Mail
Chairman, Democratic National Committee
430 South Capital Street, SE
Washington, D.C. 20003

**EXHIBITS**

| | |
|---|---|
| Exhibit H-1 | Certificate of Renunciation of Canadian Citizenship by Rafael Edward Cruz (Ted Cruz) |
| Exhibit H-3 | Canada Elections Act "Urban Preliminary List of Electors" |
| Exhibit J | Certified Mail, return receipt requested to Ted Cruz (First Amended Original Complaint |
| Exhibit J-1 | Certified Mail, return receipt requested to Ted Cruz (First Amended Original Complaint |
| Exhibit K | Complaint in Intervention |
| Exhibit L | Fort Worth Star Telegraph Article, September 2, 1956 (Marriage Announcement) |
| Exhibit M | Rafael Edward Cruz Birth Certificate |