# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NEWTON BORIS SCHWARTZ, SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-106 |
| | § | |
| TED CRUZ, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant Ted Cruz's motion to dismiss plaintiff Newton Boris Schwartz, Sr.'s second amended complaint. Dkt. 14. Having considered the motion, response, reply, the applicable law, and the arguments of counsel at a hearing held on April 13, 2016, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

Pro se plaintiff Newton Boris Schwartz, Sr. filed this lawsuit on January 14, 2016. Dkt. 1. Schwartz amended his complaint once on January 19 (Dkt. 3) and again on February 3 (Dkt. 7). In his second amended complaint, Schwartz asks the court to declare that defendant, United States Senator Ted Cruz, is ineligible to serve as President of the United States. *Id*. Schwartz subsequently filed two memoranda which purport to supplement his second amended complaint. Dkts. 8, 11. Schwartz requests a "Declaratory Judgment adjudicating and deciding whether or not Defendant Cruz is eligible to be elected and certified by the Electoral College vole [sic] and serve as President of the United States per U.S. Constitution Article II, Section I, Clause 5." Dkt. 7 at 11. Article II, section 1 of the Constitution states: "No person except a *natural born* Citizen, or a Citizen of the United States at the time of the Adoption of this Constitution, shall be eligible to the Office of

President." U.S. Const. art. II, § 1, cl. 4 (emphasis added). Schwartz claims that because Cruz was born in Canada, he is not a natural born citizen and therefore cannot serve as President. Dkt. 7 at 6. On February 22, 2016, Cruz filed a motion to dismiss Schwartz's lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 14. On March 14, Schwartz filed a response to the motion (Dkt. 24), to which Cruz filed a reply (Dkt. 25). On April 13, the court held a hearing on Cruz's motion to dismiss.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Plaintiff "must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S. Ct. 780 (1936). "[I]f the plaintiff does not carry his burden 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute,' then dismissal for lack of standing is appropriate." *Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231, 110 S.Ct. 596 (1990)).

## III. LAW & ANALYSIS

Cruz argues that Schwartz's complaint must be dismissed for the following reasons: (1) Schwartz lacks standing to challenge Cruz's eligibility under Article II; (2) any challenge to Cruz's eligibility is not yet ripe; (3) this court is not the proper forum for challenging a presidential candidate's qualifications; and (4) Schwartz has failed to allege a cause of action. Dkt. 14 at 14. In the event that the court does not dismiss Schwartz's complaint, Cruz requests that the court find that he is a "natural born citizen" and is therefore eligible for the office of President of the United States. *Id*. at 26. Because the court finds that Schwartz's lawsuit must be dismissed based on standing and ripeness, the court does not reach the political question issue or the merits. *See Lance v. Coffman*, 549 U.S. 437, 440, 127 S. Ct. 1194 (2007) (per curiam) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").

### A. Standing

Standing is a jurisdictional question that concerns "the power of the court to entertain that suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975). "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting U.S. Const. art. III, § 2). The doctrine of standing is used to determine whether a "case" or "controversy" exists by "identify[ing] those disputes which are appropriately resolved through the judicial process." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)). To establish Article III standing, Schwartz "must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Id*. (quoting *Lujan*, 504 U.S. at 560–61). The burden to establish standing lies with the party seeking to invoke the jurisdiction of a federal court. *Id*. at 2342. "An injury sufficient to satisfy Article III

must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 2341 (citation and internal quotation marks omitted).

> [A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large— does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573–74.

Schwartz has not and cannot satisfy the injury in fact element of standing that "lies at the core of article III concepts of the limits of the exercise of the federal judicial power." *White v. U.S. Pipe & Foundry Co.*, 646 F.2d 203, 206 (5th Cir. 1981). Indeed, several courts have held that an individual citizen does not have standing to challenge a candidate's eligibility to serve as president. *See, e.g., Grinols v. Electoral Coll.*, No. 2:12-CV-02997-MCE, 2013 WL 2294885 at *14 (E.D. Cal. May 23, 2013) ("Plaintiffs lack standing to bring this action."), *aff'd on other grounds*, 622 F. App'x 624 (9th Cir. 2015); *Reade v. Galvin*, No. CIV.A. 12-11492-DJC, 2012 WL 5385683 at *3 (D. Mass. Oct. 30, 2012) ("To the extent that Reade is attempting to bring a claim to remove President Obama's name from the presidential ballot on the ground that he is ineligible for that office, Reade lacks standing."), *aff'd*, No. 12-2406 (1st Cir. June 11, 2013).

To date, four other federal courts have rendered decisions with respect to actions seeking declaratory or injunctive relief in connection with Cruz's alleged ineligibility to run for President. *Fischer v. Cruz,* No. 16-CV-1224(JS)(ARL), 2016 WL 1383493 (E.D.N.Y. Apr. 7, 2016); *Wagner v. Cruz*, No. 2:16-CV-55-JNP, 2016 WL 1089245 (D. Utah Mar. 18, 2016)*; Librace v. Martin,* No. 16-CV-0057 (E.D. Ark. Feb. 29, 2016); *Booth v. Cruz*, No. 15-CV-518-PB, 2016 WL 403153 (D.N.H. Jan. 20, 2016). All four cases were dismissed for lack of standing. In *Wagner*, the court held that the plaintiff did not demonstrate "any particularized harm resulting from Senator Cruz's

campaign" and that the plaintiff's alleged harms of Senator Cruz "potentially skew[ing]" election results and "potentially. . . unlawfully serving as President" were speculative rather than "actual and imminent." 2016 WL 1089245, at *3 (finding that the plaintiff's status as a "a citizen of Utah, registered to vote in Utah, and a long-time resident in Utah" did not confer standing on the plaintiff). In *Librace*, the court held that the plaintiff's claims regarding Cruz's ineligibility were not "concrete and particularized because he shares these injuries with every other voter in Arkansas." *Librace,* at 3. In *Booth*, the court held that the plaintiff lacked standing and rejected the argument that Cruz's presence on the New Hampshire Republican Primary ballot impeded the plaintiff's right to vote. 2016 WL 403153, at *2 (noting that "an individual voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public"). Most recently, in *Fischer*, the court held that the "[p]laintiff's allegation that Senator Cruz's presence on the [New York] ballot will somehow damage his rights as a voter does not constitute a sufficiently particularized injury to establish standing under Article III." 2016 WL 1383493, at *2. Like the other federal courts which have ruled on this question, this court finds that Schwartz lacks standing to bring this lawsuit.

Schwartz does not cite any federal court cases that have held that an individual citizen has standing to challenge a candidate's eligibility to serve as President. Nor has the court been able to locate any such case. The court will, however, briefly address Schwartz's various arguments for standing. In his second amended complaint, Schwartz frames his potential injury as an abstract harm to the political process. For example, Schwartz claims that "it is politically beneficial to both Defendant Cruz as well as the entire United States to do so politically, for this Court to decide whether" Cruz is eligible. Dkt. 7 at 10. However, it is well settled that this type of general harm is not a cognizable interest for purposes of Article III standing. *See Schlesinger v. Reservists Comm*.

*to Stop the War*, 418 U.S. 208, 220, 94 S. Ct. 2925 (1974) (holding that the plaintiffs lacked standing to pursue a claim alleging that certain members of Congress were ineligible for office and stating that "standing to sue may not be predicated upon an interest . . . which is held in common by all members of the public"). Schwartz also claims that the court's resolution is necessary "[i]n order to cast an intelligible meaningful vote or votes (primary and national) now and on November 8, 2016." *Id*. at 11. The "meaningful vote" theory for standing has also been rejected by numerous federal courts. In *Jones v. Bush*, the court held that three Texas voters lacked standing to bring a suit alleging that George W. Bush and Dick Cheney were ineligible to receive Texas's electoral votes under the Twelfth Amendment. 122 F. Supp. 2d 713, 717 (N.D. Tex. 2000) ("Plaintiffs' assertion that a violation of the Twelfth Amendment will harm them by infringing their right to cast a meaningful vote also fails to satisfy the Article III requirement of a 'distinct and palpable injury.'").

The Fifth Circuit cases cited by Schwartz—*In re Cao* and *Texas v. United States*—are unavailing because they involve cases where the plaintiffs had cognizable injuries. In *In re Cao*, plaintiffs Anh Cao (a Republican Congressman) and the Republican National Committee of Louisiana (RNCL) were found to have Article III standing to contest the Federal Election Committee's (FEC) decision under § 437 of the Federal Election Campaign Act of 1971. 619 F.3d 410, 421 (5th Cir. 2010) (en banc). The plaintiffs were challenging limits placed on political spending that the plaintiffs themselves had reached. *Id*. ("[T]he RNC wanted to make additional expenditures, and but for the $42,100 Party Expenditure Provision making it illegal to do so, the RNC would have made these expenditures. This injury is not conjectural, but rather, is sufficiently concrete to satisfy the requirements of Article III."). Here, Schwartz cannot show a similar concrete injury which he has suffered that would satisfy the requirements of Article III.

6

Schwartz also cites *Texas v. United States*, where the Fifth Circuit held that Texas was likely to have standing to contest President Obama's administrative ruling protecting eleven million illegal persons from deportation. 787 F.3d 733, 754 (5th Cir. 2015) (holding that "[a]t least one state—Texas—is likely to satisfy all three requirements, so the government's challenge to standing is without merit"). The court held that Texas had standing because it would be required to issue drivers' licenses to beneficiaries of the Deferred Action for Parents of Americans and Lawful Permanent Residents program ("DAPA"), and the costs of doing so would constitute a cognizable injury. *Id*. at 748 (noting that Texas would lose at least $130.89 on each license it issues to a DAPA beneficiary). Schwartz cannot show any financial injury. Tellingly, Schwartz failed to address the numerous cases cited by Cruz where courts dismissed lawsuits that were nearly identical to the one at hand for lack of standing. *See* Dkt. 14, n. 3 (collecting cases). Accordingly, Schwartz has failed to carry his burden of establishing that he is a proper party to invoke judicial resolution of this dispute.[1]

**B. Ripeness**

The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). "The ripeness doctrine counsels against 'premature' adjudication by distinguishing matters that are 'hypothetical' or 'speculative' from those that are poised for judicial review." *LeClerc v. Webb*, 419 F.3d 405, 413–14 (5th Cir. 2005) (quoting *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). "Ripeness often overlaps with standing, 'most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical.'" *Miss. State*

---

[1] At the oral hearing, Schwartz candidly admitted that if the court followed the many decisions on standing cited by Cruz, the court should dismiss the case.

*Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008) (quoting *Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 225 (2nd Cir. 2006)).

This doctrine is especially important when the abstract disagreements of the parties implicate constitutional questions. *See Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 138, 95 S. Ct. 335 (1974) ("[T]o the extent that questions of ripeness involve the exercise of judicial restraint from unnecessary decision of constitutional issues, the Court must determine whether to exercise that restraint and cannot be bound by the wishes of the parties."). Even if Schwartz had standing to sue Cruz, this case would not yet be ripe. Schwartz's response to Cruz's motion to dismiss points out that primary season is still ongoing. Dkt. 24 at 11 (noting that about half the GOP primary delegates were outstanding as of March 14). The Fifth Circuit has made it clear that "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). Cruz has not yet been nominated as the Republican Party's candidate and may never be. He has not yet been elected President of the United States and may never be. Therefore, it would be premature for the court to address this issue.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Cruz's motion to dismiss (Dkt. 14). Additionally, the court finds that any further amendments by Schwartz would be futile. Therefore, Schwartz's complaint is DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on April 13, 2016.

Gray H. Miller
United States District Judge